**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
DAVID DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| General Mills;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Bug Emergency, Inc., an Arizona corporation; David Moreno and Michelle Moreno, husband and wife | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff General Mills, for his Complaint against Defendants, alleges as follows:

**NATURE OF THE CASE**

1.　The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.　Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur

within the District of Arizona and, more particularly, within Mohave County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9. At all times material hereto, Plaintiff was a resident of Mohave County, Arizona.

10. At all times material hereto, Bug Emergency, Inc. was incorporated in the State of Arizona with its principal place of business in Mohave County, Arizona.

11. Upon information and belief, at all times material hereto, Defendant David Moreno, was and continues to be a resident of Mohave County, Arizona.

12. Michelle Moreno is David Moreno's wife. David and Michelle Moreno have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants David Moreno and Michelle Moreno were and are the owners of Bug Emergency, Inc.

14. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

15. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

16. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

17. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18. Defendant David Moreno is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

19. Defendant Michelle Moreno is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

20. All Defendants are co-equally liable for all matters.

21. Defendant David Moreno made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA.

22. Defendant David Moreno makes all decisions regarding pay policies for Bug Emergency, Inc.

23. Defendant Michelle Moreno made all decisions on the daily activities of his employees.

24. Defendant Michelle Moreno makes all decisions regarding pay policies for Bug Emergency, Inc.

25. Defendant David Moreno exerted financial control over Bug Emergency, Inc.

26. Defendant David Moreno exerted operative control over Bug Emergency, Inc.

27. Defendant Michelle Moreno exerted financial control over Bug Emergency, Inc.

28. Defendant Michelle Moreno exerted operative control over Bug Emergency, Inc.

29. Defendant David Moreno has the power to close Bug Emergency, Inc.

30. Defendant Michelle Moreno has the power to close Bug Emergency, Inc.

31. Defendant David Moreno has the power to hire and fire employees.

32. Defendant Michelle Moreno has the power to hire and fire employees.

33. Defendant David Moreno hired managerial employees.

34. Defendant Michelle Moreno hired managerial employees.

35. On information and belief, Defendant David Moreno maintained employment records.

36. On information and belief, Defendant Michelle Moreno maintained employment records.

37. On information and belief, Defendant David Moreno dictated the corporate message in pending labor investigations.

38. On information and belief, Defendant Michelle Moreno dictated the corporate message in pending labor investigations.

39. Defendant David Moreno profited from the FLSA violations detailed in this complaint.

40. Defendant Michelle Moreno profited from the FLSA violations detailed in this complaint.

41. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

42. As a pest technician, Plaintiff handled supplies, such as pest control spray that originated out of state.

43. As a pest control technician, Plaintiff handled supplies, such as radios that originated out of state.

44. Plaintiff's uniform that he was required to wear moved in interstate commerce.

45. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

46. Plaintiff was involved in transacting business across state lines via interstate telephone calls or the U. S. Mail which included taking new orders from customers.

47. Plaintiff was involved in ordering or receiving goods from out-of-state suppliers.

48. Plaintiff was involved in handling the accounting or bookkeeping for the ordering or receiving of goods from out-of-state suppliers.

49. Plaintiff also handled credit card transactions that involved the interstate banking and finance systems.

50. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

51. Bug Emergency, Inc. is a residential and commercial exterminating company. They offer pest extermination services in Arizona and Nevada.

52. Bug Emergency, Inc. hired Plaintiff in April of 2014 as a pest control tech.

53. Plaintiff's job duties and responsibilities included traveling to homes or business of clientele of Defendants and spraying the inside and outside of the properties using bug spray and other bug extermination equipment.

54. Plaintiff's job was that of pure manual labor. He was simply an insect exterminator.

55. Bug Emergency, Inc. compensated Plaintiff with a daily salary.

56. Plaintiff's daily pay did not fluctuate, it was a base salary.

57. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

58. Plaintiff was a non-exempt employee.

59. Plaintiff had no supervision or management responsibilities.

60. Plaintiff could neither hire nor fire employees.

61. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

62. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

63. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Bug Emergency, Inc. or its' customers.

64. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

65. Plaintiff did not perform work requiring advanced knowledge.

66. Plaintiff did not perform work in a field of science or learning.

67. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

68. The knowledge required to perform the work of customer service advisor and cashier is not acquired by a prolonged course of specialized intellectual study.

69. Plaintiff's work did not require consistent exercise of discretion and judgment.

70. Plaintiff's work did not require him to analyze, interpret, or make deductions from varying facts or circumstances.

71. Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

72. Plaintiff's work did not require invention, imagination, originality, or talent.

73. Plaintiff's work did not require creative or original analysis and interpretation.

74. Plaintiff's regular schedule was five days per week.

75. Plaintiff would have to arrive at 6:00 am every day he was on the schedule and was not able to leave work until at least 5:30 p.m. each day that he was on the schedule.

76. Each and every week that Plaintiff has worked his regular schedule, he has worked over forty hours in a week.

77. By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of twenty hours of overtime pay each and every week.

78. Defendants did not pay Plaintiff overtime.

79. Plaintiff was not a commissioned employee.

80. Commissions did not consist of more than half of Plaintiff's weekly earnings.

81. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

82. Plaintiff incorporates and adopts paragraphs 1 through 81 above as if fully set forth herein.

83. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

84. Plaintiff was a non-exempt employee.

85. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

86. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

87. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

88. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

89. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

90. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

91. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

   d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

   f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

92. Plaintiff incorporates and adopts paragraphs 1 through 98 above as if fully set forth herein.

93. Plaintiff and Defendants have an overtime compensation dispute pending.

94. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

95. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiff.

    b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Plaintiff was not an exempt employee pursuant to the FLSA.

    e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

    g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

96. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

97. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

Dated: September 16, 2015

        Respectfully submitted,

        **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

        By: /s/ Trey Dayes
            Trey Dayes
            Attorney for Plaintiff